ADAM GORDON
United States Attorney
JONATHAN I. SHAPIRO
Assistant United States Attorney
California State Bar No. 268954
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8225
Email: jonathan.shapiro@usdoj.gov

Attorneys for United States of America



FILED

Jan 06 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY         s/ NatalieBuron         DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　　v.<br><br><br>BRYAN FLEMING,<br><br>　　　　Defendant. | Case No.　26-cr-00019-CAB<br><br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Adam Gordon, United States Attorney, and Jonathan I. Shapiro, Assistant United States Attorney, and Defendant Bryan Fleming, with the advice and consent of ~~Mark A. Rouland~~, counsel for Defendant, as follows:

Marcus S. Bourassa

Def. Initials _BF_

Def. Counsel Initials _Marcus Bourassa_

AUSA Initials _JNS_

**I**

## THE PLEA

Defendant agrees to plead guilty to the single-count Information in this case charging Defendant with:

### Count 1

Since at least 2017, and continuing through at least December 2022, in the Southern District of California and elsewhere, the defendant, BRYAN FLEMING, did intentionally manufacture, assemble, possess, or sell any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce

All in violation of Title 18, United States Code, Sections 2512(1)(b).

## II

## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED

Defendant understands that the offenses to which Defendant is pleading guilty has the following elements:

1.    The defendant intentionally manufactured, possessed or sold any electronic, mechanical, or other device;
2.    The defendant knew or had reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications; and
3.    The device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce.

//

//

//

2

Def. Initials _____

cr-

B.    <u>ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.    Since at least 2017, and continuing through at least December 2022, Defendant was the owner of Fleming Technologies LLC, located in Bruce Township, Michigan. Defendant, through Fleming Technologies LLC, designed, manufactured, and sold software for the spying on cellular telephones and computers of private persons, including persons located in the Southern District of California.  Defendant's software enabled buyers to covertly and remotely monitor a victim's cellular telephone and computer activities, including, texts, emails, phone calls, geo-location, and web browsing.

2.    In 2017, Defendant began directly advertising his spying software to persons wanting to spy on spouses or partners without their knowledge.  At that time, Defendant created a video and print advertising materials targeting customers who wanted to spy on spouses or partners. Defendant continued such advertising until December 2022.  The advertising was viewed by persons throughout the United States, including in the Southern District of California.

3.    Defendant's spying software cost between $100.00 to $300.00 dollars, depending on the length of the subscription and number of devices being spied on.  The Defendant sold approximately 1,200 spying software per year.

4.    Defendant's spying software covertly created a video every time a victim's device was used, which captured any and all activity occurring on the device. The person monitoring the device could log into a remote dashboard and monitor the activity on the victim's device.  There was a very short lag time, just seconds, between the activity occurring on the victim's device, and when

Def. Initials _____

cr-

1    it can be viewed on the dashboard.  Defendant's spying software captured the

2    use of all mobile applications and activity occurring on the device.

3    5.    In January 2022, within the Southern District of California, a person reviewed

4    Defendant's spying software website and advertising, which specifically

5    advertised the software for use in covertly spying on significant others.  After

6    viewing those advertisements, the person purchased the spying software, and

7    installed it on a phone.  Following the purchase, the person emailed Defendant

8    asking for assistance with the software and making it clear that the software

9    was being used to spy on a significant other, without their knowledge of

10   consent.  Defendant assisted the person with the software even after knowing

11   its intended specific use.

12   6.    Defendant's spying software was delivered to purchasers via the internet in

13   interstate commerce.

## III

## PENALTIES

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.    a maximum prison of 15 years;

2.    a maximum fine of $250,000;

3.    a mandatory special assessment of $100;

4.    a maximum term of supervised release of 3 years;

5.    possible ineligibility for certain federal benefits; and

6.    forfeiture of all property which was involved in the offense and all property traceable to such property.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

Def. Initials _____

cr-

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and

F. Not testify or have any adverse inferences drawn from the failure to testify.

**V**

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE <u>PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION</u>**

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

**VI**

**DEFENDANT'S REPRESENTATION THAT GUILTY <u>PLEA IS KNOWING AND VOLUNTARY</u>**

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered

Def. Initials _____

cr-

ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.     No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.     No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.     Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII
## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account.  Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the Court may impose a sentence more severe or less severe than otherwise applicable under the

Def. Initials _____
cr-

Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government have had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

IX

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence Defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is not binding on the Court. Likewise, the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what Defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant nevertheless has no right to withdraw the plea.

X

**PARTIES' SENTENCING RECOMMENDATIONS**

A.    SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

1.    Base Offense Level [USSG §§ 2H3.2(a)]                    6
2.    Pecuniary Gain [USSG §§ 2H3.2(b)]                       +3

7

Def. Initials _BF_

[USSG §§ 2B1.1(b)(11)]

3.    Adjustment: Acceptance of Responsibility [USSG § 3E1.1]    -2

**Resulting Adjusted Offense Level**    <u>**7**</u>

B.    <u>ACCEPTANCE OF RESPONSIBILITY</u>

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.    Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.    Falsely denies prior criminal conduct or convictions;

3.    Is untruthful with the Government, the Court or probation officer; or

4.    Breaches this plea agreement in any way.

C.    <u>FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553</u>

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.    <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

The parties have **no** agreement as to Defendant's Criminal History Category.

E.    <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>

The facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

//

//

//

Def. Initials _____

cr-

F.    <u>PARTIES' RECOMMENDATIONS REGARDING CUSTODY</u>

The parties agree that the Government will recommend that Defendant be sentenced to the low-end of the advisory guideline range as calculated by the Government pursuant to this agreement.

G.    <u>SPECIAL ASSESSMENT/FINE</u>

1.    Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2.    Fine

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H.    <u>SUPERVISED RELEASE</u>

If the Court imposes a term of supervised release, Defendant agrees that he will not later seek to reduce or terminate early the term of supervised release until he has served at least 2/3 of her term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

# XI

# <u>DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK</u>

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are 1) Defendant may appeal a custodial sentence above the

Def. Initials _____

cr-

high end of the guideline range recommended by the Government at sentencing (if USSG § 5G1.1(b) applies, the high end of the range will be the statutorily required mandatory minimum sentence), and 2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

## **BREACH OF THE PLEA AGREEMENT**

Defendant acknowledges, understands and agrees that if Defendant violates or fails to perform any of Defendant's obligations under this agreement, such violation or failure to perform may constitute a material breach of this agreement.

Defendant acknowledges, understands and agrees further that the following non-exhaustive list of conduct by Defendant unquestionably constitutes a material breach of this plea agreement:

1.    Failing to plead guilty pursuant to this agreement;

2.    Failing to fully accept responsibility as established in Section X, paragraph B, above;

3.    Failing to appear in court;

4.    Attempting to withdraw the plea;

5.    Failing to abide by any lawful court order related to this case;

6.    Appealing or collaterally attacking the sentence or conviction in violation of Section XI of this plea agreement; or

7.    Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

In the event of Defendant's material breach of this plea agreement, Defendant will not be able to enforce any of its provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a

Def. Initials _____

cr-

result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled as of the date of this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, Defendant agrees that in the event of Defendant's material breach of this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a material breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and/or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## XIII

## ENTIRE AGREEMENT

This plea agreement together with the attached forfeiture addendum embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

## XIV

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

//

//

//

11

Def. Initials _BF_

cr-

## XV

## **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language).  Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XVI

## **DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and his counsel did not advise her about what to say in this regard.

ADAM GORDON
United States Attorney

January 5, 2026
DATED                                      JONATHAN I. SHAPIRO
                                                Assistant U.S. Attorney

Def. Initials _BF_

Def. Counsel Initials _Marcus Bourassa_

Nov 10, 2025                                                AUSA Initials _JNS_
DATED                                      ~~MARK A ROULAND~~ MARCUS S. BOURASSA
                                                Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

Nov 8, 2025                                *Bryan Fleming*
DATED                                      Bryan Fleming (Nov 8, 2025 13:04:35 EST)
                                                BRYAN FLEMING
                                                Defendant

Def. Initials _BF_

cr-